# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2255 | **DATE** | 4/14/2011 |
| **CASE TITLE** | Barker vs. A.D. Conner, Inc., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons explained in open court at the April 12 motion hearing, the pending motions are resolved as follows: Respondents' motion to stay the case [7] is respectfully denied; Petitioner's motions concerning briefing in this matter [10, 12] are granted in part as explained below; the joint motion of Teamsters Local Unions Nos. 142 and 705 for leave to appear [16] is respectfully denied without prejudice; Petitioner's motion to quash Respondents' discovery requests [18] is granted at this time, but subject to the caveat discussed on the record (and below); and Defendant's motions for leave to file oversized briefs [22, 24] are granted. Petitioner's brief in support of his motion for preliminary injunction [4] is due on 4/20/2011, Respondents' answer to the petition and response to the motion for preliminary injunction are due on 5/4/2011, and Petitioner's reply (should he wish to file one) is due on 5/9/2011. Petitioner's and Respondents' initial briefs shall each be limited to thirty pages, and Petitioner's reply (should there be one) shall be no longer than fifteen pages. Should the Court conclude that discovery and live testimony would not be useful to the disposition of the motion for preliminary relief, this matter will proceed to hearing on 5/13/2011 at 10:00 a.m. Should the Court permit discovery and request live testimony, it will so advise the parties, set the matter for further status, and reset the hearing to 5/31/2011 at 10:00 a.m.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

The following motions are pending before the Court at this time: Respondents' motion to suspend briefing and stay the case until the National Labor Relations Board ("NLRB" or "Board") issues its ruling [7]; Petitioner's motion to shorten time for filing an answer and to set time for oral argument; [10]; Petitioner's motion to try their petition for preliminary injunction on the basis of the administrative law judge's hearing transcript and exhibits and for oral argument [12]; the Teamsters' Local Unions 142 and 702 motion for leave to appear [16]; Petitioner's motion to quash Respondents' notice of depositions and document request [18]; and Respondents' motion to file an oversized brief in response to Petitioner's motion to quash [22] and in support of its motion to stay the proceeding [24].

The issues involved in the motions are in part overlapping or interrelated—there are essentially three issues before the Court: (1) whether Petitioner's seeking of an injunction pursuant to § 10(j) of the NLRA while the underlying case is pending before the NLRB is procedurally improper; (2) whether Defendant is entitled to discovery and a "full evidentiary hearing" with live witnesses; and (3) whether the unions should be permitted to appear and file an *amicus* brief. Petitioner also requests expedited briefing in this matter.

To the first issue, the Court concludes that there is nothing procedurally improper about the General

| STATEMENT |
|---|

Counsel's seeking of an injunction pursuant to § 10(j) of the NLRA while the underlying case is pending before the Board. To the contrary, § 10(j) of the National Labor Relations Act "authorizes a district court to order injunctive relief pending the NLRB's final disposition of an unfair labor practices claim if such relief would be 'just and proper.'" *Spurlino Materials, LLC*, 546 F.3d 491, 499 (7th Cir. 2008) (quoting 29 U.S.C. § 160(j)); see also *Bloedorn v. Francisco Foods, Inc.*, 276 F.3d 270, 286 (7th Cir. 2001). A stay of this proceeding at its very outset would be contrary to the statutory scheme, and thus Respondent's motion to stay the case [7] is respectfully denied.

Next, as the Court has determined not to stay the case, Respondents' initial motion ([7] at 7-9) asks for the opportunity to conduct discovery and a "full evidentiary hearing" before the Court rules on whether the grant the requested injunction. Respondents seek to depose NLRB Regional Director Joseph A. Barker and Acting General Counsel Lafe Soloman and they seek in discovery "all non-privileged documents contained in the Acting General Counsel's and Regional Directors' investigation files leading up to the Regional Director's request to and the Acting General Counsel's decision and the Board's decision to support pursuit of a 10(j) injunction against the respondents in this case." As stated on the record, the Court is not persuaded at this time that it requires any materials beyond the transcript of the hearing before the NLRB and any exhibits used at the hearing in order to decide the limited question of whether § 10(j) relief is appropriate. However, the Court is equally unconvinced that it should foreclose any possibility of discovery and depositions prior to reviewing the ALJ record and the parties' initial submissions on the request for injunctive relief. Accordingly, Petitioner's motion to quash Respondents' discovery requests [18] is granted at this time, but subject to being revisited (see below).

In the present circumstances, the Court concludes that the most sensible course is to reserve judgment on the matter of discovery and depositions pending its review of the record assembled to date before the ALJ and the parties' briefs. To that end, Petitioner's motions concerning briefing in this matter [10, 12] are granted in part, as reflected in the briefing schedule set forth above. The Court already has received a copy of the record of agency proceedings. After the Court has had an opportunity to review the pertinent materials, it will better be able to assess whether materials and/or testimony outside the existing record would be helpful to the resolution of the matters before the Court.

Finally, the Teamsters' request for a "leave to appear" [16] is respectfully denied without prejudice. At the motion hearing, counsel for the unions clarified that the unions are not seeking formal intervenor status. Counsel also confirmed on the record that at least at this stage of the case Petitioners are adequately advancing the interests of the unions and their members. Accordingly, and taking into account the expedited nature of this proceeding and the interests of the parties (and the Court) in streamlining the presentation of the issues and avoiding duplication of effort, the Court sees no need for an *amicus* brief or similar filing from the unions at this time. The Court, the parties, or the Teamsters may revisit the issue of formal participation by the unions in this matter at a later date should such participation appear to be warranted.