# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2255 | **DATE** | 8/17/2011 |
| **CASE TITLE** | Barker vs. AD Conner | | |

**DOCKET ENTRY TEXT**

Respondents' motion to stay enforcement of the Court's memorandum opinion and order of 7/11/11 pending appeal [92] is denied. Petitioner's motion for expedited ruling [98] is stricken as moot. For further details, see below.

■[ For further details see text below.]  Docketing to mail notices.Notices mailed by Judicial staff.

## STATEMENT

On July 11, 2011, the Court entered a preliminary injunction ("the Order") against Respondents under Section 10(j) of the National Labor Relations Act ("NLRA"), 29 U.S.C. 160(j) [85]. Among other things, the Order required Respondents to cease and desist from committing a variety of unfair labor practices in violation of 29 U.S.C. §§ 158(a)(1), 158(a)(3) and 158 (a)(5), and to take certain affirmative steps to restore the status quo and remedy prior unfair labor practices, pending the final disposition of the Board's administrative proceedings. Respondents have appealed the Order. See [86]. Respondents filed the instant motion [92] to stay pending appeal on July 24, 2011. Petitioner filed a response brief [95] on July 27, 2011. The Court set a briefing schedule [see 100] according to which Respondents were given until August 15, 2011, to file a reply if they so desired. No reply has been filed as of the date of this order.

There is no automatic stay of an injunction pending appeal. See Fed. R. Civ. P. 62(a). The Supreme Court has characterized a stay of an injunction pending appeal as "extraordinary relief," *Socialist WorkersParty v. Attorney General of U.S.,* 419 U.S. 1314, 1315 (1974), and a stay is not a matter of right, "even if irreparable injury might otherwise result." *Nken v. Holder,* 129 S.Ct. 1749, 1761 (2009). To obtain a stay of the injunction pending appeal, Respondents must show: (1) a strong likelihood that it will prevail on the merits of its appeal; (2) that it will suffer irreparable injury if the stay is denied; (3) that the other party will not be substantially harmed if the stay is granted; and (4) that the stay will serve the public interest. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). However, "in the context of a stay pending appeal, where the applicant's arguments have already been evaluated on the success scale, the applicant must make a stronger threshold showing of likelihood of success to meet its burden." *Matter of Forty-eight Insulations, Inc.,* 115 F.3d 1294, 1301 (7th Cir. 1997). That is to say, to satisfy the first *Hilton* factor, Respondents must "demonstrate a substantial showing of likelihood of success, not merely the possibility of success. *Id*. Respondent has failed to satisfy any of the four relevant factors. However, because success on all four factors is required for a stay, the Court need only address the first. *Hilton*, 481 U.S. at 776.

## STATEMENT

As an initial matter, as the Court discussed at length in the underlying Order, the purpose of granting interim relief under § 10(j) is to prevent "delays inherent in the NLRB dispute resolution process" from threatening "effective enforcement of the NLRA." [85, at 13 (citing *NLRB v. Electro-Voice, Inc.*, 83 F.3d 1559, 1566 (7th Cir. 1996).] Suspending the Court's preliminary injunction pending appeal—and allowing Respondents' allegedly illegal conduct to continue in the interim—would vitiate the purpose of entering the Order in the first place.

In any event, the Court will briefly address its views of the likelihood of success as it relates to Respondents' asserted bases for its appeal. According to Respondents, "[t]here are two main legal issues Respondents will raise on appeal: (1) whether this court applied the correct standing [*sic*] in granting Petitioner's request for § 10(j) relief and (2) whether the facts of record properly established that Heidenreich is the alter ego of A.D. Conner." [92, at ¶ 12.] On appeal, the Court's decision will be reviewed under an abuse of discretion standard, *Lineback v. Spurlino Materials, LLC*, 546 F.3d 491, 500 (7th Cir. 2008), meaning that it will be reversed only if it "depends on faulty legal premises, clearly erroneous factual findings, or improper application of the criteria governing preliminary injunctive relief," *Electro-Voice, Inc.*, 83 F.3d at 1566.

In the Court's view, the prospects for success on Respondents' first ground for appeal are very slim. Respondents argue that the Court erred by concluding that the standard that courts in this circuit apply to evaluate § 10(j) petitions was not altered by the Supreme Court's decision in *Winter v. National Resources Defense Council, Inc.*, 129 S. Ct. 365 (2008). The Court addressed this issue at length in its prior Opinion. [See 85, at 16 n.12.] As the Court explained, *Winter* confirmed the traditional four-factor test as the test that a plaintiff must meet in order to obtain a preliminary injunction. *Id.* at 374. The Seventh Circuit's test for evaluating § 10(j) petitions already required petitioners to satisfy the traditional four-factor test. See *Bloedorn v. Francisco Foods, Inc.*, 276 F.3d 270, 286-87 (7th Cir. 2001). Therefore, *Winter* did not alter the four-factor test that the Seventh Circuit applies. *Winter*, 129 S. Ct. at 374.

Respondents' motion lacks any analysis as to how the Court may have erred in constructing *Winter*, why Respondents are likely to succeed on appeal because of this error, or how it has established a substantial case on the merits – all of which are necessary elements for Respondents to establish grounds for a stay. It is difficult to tell from Respondents' motion precisely how Respondents believe that the Court erred. To the extent that Respondents are arguing for application of a four-factor test, the Court applied precisely that test (which also is the test called for by the Seventh Circuit cases). [85, at 12-14.] Further, the Court recognized explicitly the impact that *Winter* had on the "sliding scale" relationship between the probability of success on the merits and the degree of harm that must be shown by the Regional Director, and incorporated those considerations into its analysis. [85, at 14-15 (citing *Winter*, 129 S. Ct. at 375).] In short, the Order already carefully analyzed Respondents' *Winter*-based argument, and nonetheless found that the Petitioner met the well established four-factor test for obtaining injunctive relief. Finally, as noted in the Order, to the extent that there is a difference between the approach taken by the Third Circuit (and advocated by Respondents) and the approach taken by the Seventh Circuit, "Petitioner would be entitled to relief under either standard." [85, at 16 n.12.]

The second issue that Respondents will raise on appeal is "whether this court correctly held that Heidenreich is the alter ego of A.D. Conner." [92, at ¶ 26.] Respondents' motion primarily repeats the same arguments that the Court considered and rejected in the underlying Order. Respondents do not offer new legal authority or identify evidence that the Court overlooked initially. The only new issue that Respondents raise is that the suggestion that the Court was "unduly influenced by the recommended order and decision issued by the ALJ in the Board case now on appeal." *Id.* at ¶ 30. This argument is unpersuasive. As the Court explained in the Order, the Seventh Circuit in fact *requires* courts to consider, and in fact to give some measure of deference

| STATEMENT |
|---|

to, the views of the ALJ when those views are available. *Lineback*, 546 F.3d at 503 n.4; *Bloedorn*, 276 F3d at 288. Moreover, the Court's 38-page opinion cannot be said to be a mere rubber stamp of the ALJ's opinion; to the contrary, the Order carefully considered and addressed the applicable law, the record adduced at the hearing before the ALJ, both parties' briefs, and the oral arguments of counsel advanced at the May 13 hearing in this Court. In fact, the Order was largely drafted before the ALJ issued his opinion. If the ALJ's opinion had any effect on the Court's analysis, it was only to bolster the conclusions that the Court would have reached irrespective of that opinion.

For the reasons stated above, Respondents have not demonstrated a "substantial showing of likelihood of success" on either of the issues that it will raise on appeal. *Forty-eight Insulations, Inc.,* 115 F.3d at 1301. The Court denies Respondents' motion for a stay pending appeal [92].